## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 09-10382-DPW |
| ) | |
| ALBERT GONZALEZ, ) | **FILED UNDER SEAL** |
| ) | |
| Defendant. ) | |

### DECLARATION OF ACKNEIL M. (TREY) MULDROW, III

Ackneil M. (Trey) Muldrow, III declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in the firm of Akin Gump Strauss Hauer & Feld, LLP, outside counsel to Company B, and am familiar with the facts as set forth herein.

2. I submit this declaration in support of Company B's Motion to Intervene Under Crime Victims' Rights Act, 18 U.S.C. § 3771, for a Protective Order and to Seal.

3. Company B is a publicly traded company that is incorporated under Delaware law and has its principal place of business in California.

4. Company B is a major national retailer. Company B processes credit and debit card payments of customer purchases through its computer network.

5. Company B was identified in the Indictment in this matter as "the victim of a SQL Injection Attack that resulted in the placement of malware on its network."

6. In or about May 2008, Company B was first contacted by a special agent of the U.S. Secret Service in connection with the government's investigation into the attack on

Company B's computer network. Since that time, Company B has fully cooperated with the government's investigation.

7. I have spoken to a special agent of the U.S. Secret Service and an attorney at the U.S. Department of Justice in connection with the government's investigation into the attack on Company B's computer network. Those individuals have never identified any evidence and have never suggested that any of Company B's customers' credit or debit card information was taken as part of attack on Company B's computer network. Due to this fact and Company B's cooperation, among other things, the individuals I spoke to assured me that they would do their best not to disclose the identity of Company B.

8. Company B relied on these assurances and has not previously made any disclosures to its customers or shareholders regarding its identity as Company B, which disclosures Company B understood were unnecessary because Company B is not aware of any evidence that Company B's customers' information was taken in connection with the attack on Company B's computer system.

9. Company B is not aware of any public disclosure of Company B's identity in connection with this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 4, 2010

ACKNEIL M. MULDROW, III