UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  08-CR-10223-PBS |
| | ) | 09-CR-10262-PBS |
| | ) | 09-CR-10382-DPW |
| ALBERT GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION FOR ENTRY OF AMOUNTS OF RESTITUTION

At the time of the sentencings of Albert Gonzalez ("Gonzalez") on March 25 and March 26, 2010, both Courts reserved the determination of the amounts of restitution which Gonzalez was to pay. Leading up to the sentencings, the parties had contested the manner in which restitution should be calculated and whether it should include, for example, various penalties assessed on victim companies as a consequence of the Gonzalez's data thefts. Judgments have been entered in all three cases pending against the defendant, subject to specification of the amounts of restitution.

Neither the government nor the defendant believes that it is necessary to have a further hearing to resolve the lingering issue of restitution. The parties continue to disagree as a matter of principle on the full composition of restitution in these cases. However, the government and the defendant agree that, if nothing else, restitution should include the fraud losses and reissuing costs incurred by banks which issued credit and debit cards stolen or placed at risk during the conspiracies and the cost of conducting forensic damage assessment of victim computer systems. See §2B1.1 Application Note 3(A)(III).

The sum of these amounts exceed the defendant's foreseeable ability to pay. In light of this, and without further compromising the contentions of the parties, the parties agree that determination of the other, potentially complex issues of fact and law with respect to restitution outweighs the burden on the sentencing process, and that no hearing on restitution is necessary. See 18 U.S.C. §3663A(c)(3). Accordingly, the government moves the Courts to amend the judgments in the Gonzalez cases to order restitution for those categories of losses not in dispute, the fraud losses and reissuing costs incurred by banks which issued credit and debit cards stolen or placed at risk during the conspiracies and the cost of conducting forensic damage assessment of victim computer systems.

The government has received and shared with the defendant correspondence from counsel for victims TJX Companies, Heartland Payment Systems, Dave and Buster's, and DSW and from a fraud investigator for Citibank following the sentencings in the Gonzalez cases, further breaking down certain losses and expenses incurred by them as a result of the intrusions and data thefts. Copies of pertinent portions of the correspondence have been provided to Probation to be incorporated in the presentence materials, along with this submission.

In reliance on the additional information received from the victims, and in keeping with the principles and positions articulated above, the government moves that the judgments entered against Albert Gonzalez be amended to direct the following amounts of restitution. The defendant takes no position as to whether these amounts are accurate or whether a restitution order should be entered reflecting these amounts as losses under 18 U.S.C. § 3663A.

In Case Number 08-CR-10223:

TJX Companies, $65,678,750.

DSW, $3,410,887.80

Citibank, $54,225.

In Case Number 09-CR-10262:

Dave and Buster's, $584,288.47

In Case Number 09-CR-10382:

Heartland Payment Systems, $53,862,184.70

Respectively submitted,
CARMEN M. ORTIZ
U.S. Attorney

By:   *Stephen P. Heymann*
      STEPHEN P. HEYMANN
      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: April 22, 2010

*/s/ Stephen P. Heymann*
Stephen P. Heymann
Assistant United States Attorney