UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |  |
|---|---|---|---|
| UNITED STATES | ) | | |
| | ) | | |
| v. | ) | Crim. No. | 08-CR-10223-PBS |
| | ) | | 09-CR-10262-PBS |
| ALBERT GONZALEZ, | ) | | 09-CR-10382-DPW |
| | ) | | |
| Defendant. | ) | | |

UNITED STATES' MOTION FOR ORDER REGARDING
WAIVER OF ATTORNEY-CLIENT PRIVILEGE

The United States, by its undersigned counsel, moves this Court for an Order authorizing and directing Albert Gonzalez's former attorneys, Martin Weinberg, Esq. and Rene Palomino, Esq., to disclose to counsel for the United States such matters as are reasonably necessary to enable the United States to respond to issues set forth in Petitioner Gonzalez's Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, the "§ 2255 Motion").

**BACKGROUND**

Defendant Albert Gonzalez has moved to vacate his conviction and sentence. He claims that he received ineffective assistance of counsel, and was otherwise harmed by acts or omissions by his former lawyers, in connection with: (1) the decision to plead guilty; (2) the assertion of a possible defense; (3) the investigation of a potential motion to suppress; and (4) the pursuit of appellate relief.

In his §2255 Motion, Gonzalez repeatedly asserts that his former lawyers mis-advised or misrepresented him in a variety of ways including the following:

> "[M]y attorney and Mr. Heymann AUSA advised me that all
> three of my cases would be resolved before the same judge and
> that all sentencing would take place at the same sentencing hearing[.]"
> (§ 2255 Motion, Ground 1)

> "Mr. Weinberg told me immunity was on the table but that he didn't think they would give it to me. Mr. Weinberg asked me why would they give you immunity. [sic] I told him because they know the agents instructed me to commit the acts that I am being charged with and they know what I did was part of the operation named 'Shadow Ops' being conducted out of the Miami field office." (§ 2255 Motion, Ground 2)

> "I told Mr. Palamino and Mr. Weinberg to investigate the torture and beating of Yastremskiy and file a motion to suppress all information obtained from Yastremskiy's encrypted containers and other fruits from that seizure." (§ 2255 motion Ground 3).

> "Immediately after sentencing I told my attorney's [sic] Mr. Palomino and Mr. Weinberg to file a notice of appeal, they told me they would file a Notice of Appeal. Without my knowledge or consent they decided not to file a notice of appeal." (§ 2255 Motion, Ground 4)

The United States is without knowledge or information about pertinent communications between Gonzalez and his former lawyers and thus cannot fully respond to the petition without being afforded an opportunity to obtain correspondence, notes and memoranda chronicling verbal communications, other information and, if need be, affidavits regarding the events in question.

## **LEGAL DISCUSSION**

Courts have routinely ruled that when a client raises a claim relating to ineffective assistance of counsel, he waives the attorney-client privilege. As the Second Circuit has noted, "except in highly unusual circumstances, the assertedly ineffective attorney should be afforded an opportunity to be heard and to present evidence in the form of live testimony, affidavits or briefs." Bloomer v. United States, 162 F.3d 187, 194 (2d Cir. 1998) (internal quotation marks omitted) (quoting Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998)). Similarly, the Eight Circuit has ruled:

> A client has the privilege to keep his conversations with his attorney confidential, but

> that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence . . . Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege.

Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974). See, also, e.g., In re Lott, 424 F.3d 446, 452-53 (6th Cir. 2005) ("The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance."); Bittaker v. Woodford, 331 F.3d 715, 718-19 (9th Cir. 2003) ("The rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue . . . dates back to at least Hunt v. Blackburn, 128 U.S. 464 . . . (1888)"); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2002) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [defendant] put at issue – and thereby waived – any privilege that might apply to the contents of his conversations with those attorneys.").

This rule has been followed in this Court, albeit in unreported decisions. See, e.g., Sena v. Spencer, 2006 U.S. Dist. LEXIS 9216, Civil No. 05-10381-DPW (D.Mass.) (Woodlock, J.) (noting that Massachusetts Rule of Professional Conduct 1.6 "specifically allows the disclosure of confidential information relating to the representation of a client 'to respond to allegations in any proceeding concerning the lawyer's representation of the client'"); Zanuccoli v. United States, Civil No. 04-12170-JLT (D.Mass.) (Tauro, J.) (granting government's motion directing trial counsel to file affidavit in response to §2255 petitioner's claims of ineffective assistance on alleged failure to file notice of appeal); Tibbs v. United States, Civil No. 02-11265-NG (D.Mass.) (Gertner, J.) (ordering §2255 petitioner to file waiver of attorney-client privilege and affidavit outlining factual bases of claimed ineffectiveness); Vavlitis v. United States, Civil No. 97-10902-EFH (D.Mass.) (Harrington, J.) (dismissing §2255 petition alleging ineffective assistance of counsel for failure to

comply with Court's order to waive attorney-client privilege so that record could be expanded to address petitioner's claim); <u>Devaney v. United States</u>, Civil No. 97-10957-WGY (Young, J.) (ruling that allegations of ineffective assistance, in §2255 petition and in motion for new trial, waived privilege).

    WHEREFORE, the United States requests that this Court enter an Order authorizing and directing Attorneys Rene Palomino and Martin Weinberg to disclose to counsel for the United States correspondence, notes and memoranda chronicling verbal communications, and such other information and matters as may be reasonably necessary to respond to the § 2255 Motion submitted by Gonzalez in this case.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

Dated: April 8, 2011

          By: */s/ Stephen P. Heymann*
             STEPHEN P. HEYMANN
             Assistant U.S. Attorney

CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a paper copy will be sent to:

        Albert Gonzalez, No. 25702-050
        FCI Milan
        P.O. Box 1000
        Milan, Michigan 48160

Dated: April 8, 2011              */s/ Stephen P. Heymann*
                                            STEPHEN P. HEYMANN