UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 09-CR-10382 |
| | ) |
| ALBERT GONZALEZ, | ) Hon. Douglas P. Woodlock |
| Defendant. | ) |

### DEFENDANT'S RESPONSE REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILIGE RIGHTS

Comes now the Defendant, Albert Gonzalez, acting pro se, and respectfully submits defendant's response to United States's request that Defendant waive his Attorney-Client Privilege rights in regards to Defendant's pending motion under 28 U.S.C. §2255, and states the following.

### PROCEDURAL HISTORY

On 03/24/2011, Defendant filed a motion under 28 U.S.C. §2255 to vacate his conviction and sentence. On April 8, 2011, the United States filed a Motion seeking an Order from the Court directing that Defendant has waived his attorney-client privilege rights by raising claims in his 2255 motion that his attorney's had provided ineffective assistance of counsel. On 04/21/2011, Defendant filed a motion requesting that attorneys for the United States provide Defendant with copies of three (3) unreported cases cited in the United States's April 8, 2011, motion regarding defendant's waiver of attorney-client privilege rights. On June 2, 2001, Defendant received the requested three unreported cases mailed to him on 05/24/2011, by counsel for the United States.

1.

### LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE RIGHTS

I Albert Gonzalez, the Defendant herein agree to a limited waiver of my attorney-client privilege rights. My waiver is restricted to the scope of the ineffective assistance of counsel claim I have raised in my pending motion under 28 U.S.C. §2255.

### DEFENDANT'S REQUEST FOR ORDER DIRECTING UNITED STATES ATTORNEY'S NOT TO EXCEED THE SCOPE OF DEFENDANT'S ATTORNEY-CLIENT PRIVILEGE WAIVER

The Defendant requests an Order from the Court directing the Government attorneys not to exceed the scope of Defendant's waiver of his attorney-client privilege rights. The United States's request for an Order "authorizing and directing Attorney's Rene Palomino and Martin Weinberg to disclose to counsel for the United States correspondance, notes and memoranda chronicling verbal communications, and such other information and matters as may be reasonably necessary to respond to the §2255 Motion submitted by Gonzalez in this case".

Although the Government states "necessary to respond to the §2255 Motion", the request is overbroad and the Government's interpretation of what is "reasonably necessary" if not restrained by the Court will no doubt exceed the scope of Defendant's waiver of his attorney-client privilege rights.° (U.S. Motion page 4, Exhibit A).

---

°/ Defendant submits that a pre-evidentiary hearing waiver of his attorney-client privilege rights violates his due process rights under the 5th amendment. Because Defendant cannot cross-examine an affidavit on the truth or correctness of the statements made therein, Defendant preserves his right pursuant to HARRIS v. NELSON, 394 U.S. 286, 22 L Ed 2d 281, 89 S.Ct 1082 (1968), for obtaining interrogatories from affiants where affidavits are submitted into evidence.

2.

3.

WHEREFORE, Defendant having waived his attorney-client privilege rights concerning and limited to the ineffective assistance of counsel claims raised in his pending §2255 motion, Defendant respectfully requests that this Court enter an Order directing counsel for the United States to limit or restrict thier request to attorneys Rene Palomino and Martin Weinberg, for the disclosure of priviliged communications specifically to the ineffective assistance of counsel claims raised in Defendant's pending §2255 motion.

Respectfully submitted

_____
Albert Gonzalez
Defendant, pro se

4.

## Certificate Of Service

I, Albert Gonzalez, swear under penalty of perjury that I have mailed a copy of the foregoing pleading entitled DEFENDANT'S RESPONSE REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE RIGHTS to Stephen P. Heymann, Assistant U.S. Attorney, U.S. Courthouse, Suite 9200, 1 Courthouse Way, Boston, MA. 02210, this **2nd** day of June, 2011. (28 U.S.C. §1746).

_____
Albert Gonzalez
#25702-050
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160

comply with Court's order to waive attorney-client privilege so that record could be expanded to address petitioner's claim); Devaney v. United States, Civil No. 97-10957-WGY (Young, J.) (ruling that allegations of ineffective assistance, in §2255 petition and in motion for new trial, waived privilege).

WHEREFORE, the United States requests that this Court enter an Order authorizing and directing Attorneys Rene Palomino and Martin Weinberg to disclose to counsel for the United States correspondence, notes and memoranda chronicling verbal communications, and such other information and matters as may be reasonably necessary to respond to the § 2255 Motion submitted by Gonzalez in this case.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

Dated: April 8, 2011

By: /s/ Stephen P. Heymann
STEPHEN P. HEYMANN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a paper copy will be sent to:

Albert Gonzalez, No. 25702-050
FCI Milan
P.O. Box 1000
Milan, Michigan 48160

Dated: April 8, 2011

/s/ Stephen P. Heymann
STEPHEN P. HEYMANN

DEFENDANT' EXHIBIT A