UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
                              )     CRIMINAL ACTION NO.
        v.                    )     09-10382-DPW
                              )
ALBERT GONZALEZ,              )
                              )
        Defendant.            )


                       MEMORANDUM AND ORDER
                         March 19, 2014


    It has come to my attention that certain post-conviction motions in this matter remain outstanding. For the reasons set forth briefly below, I will deny them and direct the Clerk to dismiss this petition for habeas corpus relief.

    This is one of three criminal cases resolved by the defendant pursuant to interrelated plea agreements resulting in sentences running concurrently for a total term of 240 months and one day. Under the plea agreements, the defendant waived his right to appeal or collaterally attack any sentence of 300 months or less. The other two cases were assigned to Judge Saris, who imposed concurrent sentences on March 25, 2010 totaling 240 months incarceration. On March 26, 2010, I imposed a sentence of 240 months and one day to run concurrent with the sentences imposed by Judge Saris.

About a year after the sentences were imposed, the defendant filed motions under 28 U.S.C. § 2255 to vacate his sentences in all three cases. Because his claims included allegations about ineffective assistance of counsel in providing advice, the government moved for an order authorizing defense counsel to disclose otherwise privileged communications relating to the allegations. Judge Saris allowed those motions in the two cases assigned to her[1] and the government thereafter filed a consolidated opposition to the three motions to vacate.

In a thorough and thoughtful memorandum and order docketed for the two cases assigned to her, Judge Saris declined to provide relief and denied a certificate of appealability. *Gonzalez* v. *United States*, 2012 WL 5471799 (D. Mass. Nov. 8, 2012). For its part, the First Circuit denied a Certificate of Appealability "for substantially the same reasons cited in the district court's (Saris, J.) Memorandum and Order of November 8, 2012 disposing of [defendant's] § 2255 motion." *Gonzalez* v. *United States,* Nos. 13-1019 & 13-1020 (1st Cir. July 1, 2013).

I have independently reviewed the records in this case and the cases before Judge Saris, and like the First Circuit, I find I have nothing meaningful to add to Judge Saris's analysis of the issues. There are no material differences in the underlying

---

[1] As a consequence of Judge Saris's allowance of the motion to disclose privileged communications, I find the similar motion [#51] filed in this case to be moot.

-2-

records of the cases.  I add only that this is one of the few cases in which after searching colloquy I have found a defendant sufficiently competent to make a knowing and voluntary waiver of appellate rights.  Mr. Gonzalez was plainly intellectually gifted and understood fully his choices and their implications.  That he has sought to recant what the record fully supports is a product of a belated switch in tactics to address his predicament.  But he cannot on the record developed in these cases successfully pursue a strategy of alleging ineffective assistance of counsel.

Thus, having considered the records of the defendant's convictions in the three cases and having independently concluded that Mr. Gonzalez has failed to make a substantial showing of the denial of a constitutional right, I now expressly DENY the defendant's motion [#49] for habeas corpus relief in the case over which I presided, DIRECT the Clerk to enter a judgment of dismissal and DECLINE to issue a certificate of appealability.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT