UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 09-CR-10382-DPW |
| ) | |
| ALBERT GONZALEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ASSENTED-TO MOTION TO MODIFY CONDITION OF SUPERVISED RELEASE TO PERMIT MONITORED COMPUTER USE TO COMPLETE COLLEGE COURSE AND TO REDUCE PAYMENT OF RESTITUTION WHILE IN SCHOOL**

Now comes the defendant, Albert Gonzalez, by and through undersigned counsel, and with the assent of the Government and the Probation Office hereby respectfully moves this Honorable Court, pursuant to Fed. R. Crim. P 32.1(c) and 18 U.S.C. § 3583(e)(2), to modify the terms of his supervised release to permit him to obtain and use one computer, which will be monitored by the Probation Office, solely for the purpose completing an online developer course at Broward College, a school located in Ft. Lauderdale, FL. Specifically, the defense respectfully requests this Honorable Court to add the following exception and additional monitoring conditions to Mr. Gonzalez's current condition of supervised release banning computer use:

> The defendant is permitted to obtain and use one computer solely to enroll, attend, and complete the Online Python Developer Course at Broward College. The defendant shall complete the course on or before July 26, 2024 and shall not use the computer for any other purpose. The defendant shall allow the Probation Office to install software designed to monitor computer activities on the computer the defendant is authorized to use. The Probation Office shall allow the monitored computer to access only the following URLs: https://webucator.com/; https://ed2go.com/; https://github.com/; https://code.visualstudio.com/; https://broward.edu/; and https://mail.google.com/. The computer monitoring software installed by the Probation Office may include, but is not limited to, software that may record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, and email correspondence. The defendant shall pay any costs related to the monitoring of his

1

computer usage.

Employer Computer Restriction Disclosure - The defendant shall permit third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.

Permissible Computer Examination - The defendant shall immediately produce, upon the request of the U.S. Probation Office, the defendant's computer for examination which may include retrieval and copying of all data from the computers) and any internal or external peripherals to ensure compliance with these conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer, at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.[1]

Additionally, the Probation Office has requested this Honorable Court to modify its restitution payment plan to (1) permit Mr. Gonzalez to pay $10 per month (per case) while he is in school; (2) to order Mr. Gonzalez to commence payment of restitution at a rate of 10% monthly of his gross earnings after he has completed schooling and finds gainful employment; and (3) to waive current arrearages.

I.      **Procedural History**

Mr. Gonzalez was indicted in three different federal districts for various computer intrusion and fraud offenses. Pursuant to a plea agreement and Fed. R. Crim. P. 20, Mr. Gonzalez pled guilty to all three federal indictments in this district and was sentenced on March 25, 2010, by Judge Saris to 240 months imprisonment and 3 years supervised release in both cases to run concurrently. *See* Dkt. 09-CR-10262 and Dkt. 08-CR-10223. On March 26, 2010, this Honorable Court imposed the same sentence to run concurrently to the sentences imposed by Judge Saris.

The conditions of supervised release in *United States v. Gonzalez,* Dkt. 08-cr-10223-PBS and *United States v. Gonzalez*, Dkt. 09-cr-10262-PBS, permit "computer or other device use"

---

[1] These conditions have, in part, been drafted, and fully approved by the U.S. Probation Office for the Southern District of Florida.

2

with the approval of U.S. Probation. *See United States v. Gonzalez,* Dkt. 08-cr-10223-PBS, Dkt. 96 at 4 (imposing the condition: "No use of computers or other devices subject to U.S. Probation approval") and *United States v. Gonzalez*, Dkt. 09-cr-10262-PBS, Dkt. 20 at 3 ("No use of computers or other devices except with U.S. Probation approval"). This Honorable Court's conditions of supervised release, however, include an absolute ban on computer use, *see* Dkt. 41 at 5 ("The defendant shall not use computers at all"), and permit use of "non-computer devices (phones, Blackberries, etc.) only with the approval of the Probation Office." *Id.* Mr. Gonzalez has recently finished his term of imprisonment and is now serving his term of supervised release in South Florida where he and his family reside.

    II.    **Requested Exception to Computer Ban**

Since the start of Mr. Gonzalez's confinement and the time that this Honorable Court imposed its conditions of supervised release, the world has significantly changed. Computers and the internet are much more ubiquitous and virtually required for ordinary necessities, including for educational purposes. *United States v. Sealed Juv.*, 781 F.3d 747, 756 (5th Cir. 2015 ("access to computers and the Internet is essential to functioning in today's society. The Internet is the means by which information is gleaned, and a critical aid to one's education and social development."). *see also United States v. Peterson*, 248 F.3d 79, 83 (2d Cir. 2001) ("Computers and Internet access have become virtually indispensable in the modern world of communications and information gathering."). Indeed, as the First Circuit noted access to the internet and a computer is a necessity of modern life and consistent "with the vocational and educational goals of supervised release." *United States v. Perazza-Mercado*, 553 F.3d 65, 72 (1st Cir. 2009) (computer and internet use would facilitate "educational and vocational training required for the transition from his prior employment as a teacher into a new and appropriate career.").

Having completed his GED while serving his sentence, Mr. Gonzalez intends to enroll in and obtain a computer science degree from Broward College. He is not currently eligible to enroll because the most recent semester has started, however, Mr. Gonzalez is seeking to complete an Online Python Developer Course offered by Broward College while he waits for the next academic semester to begin, *See* Course Curriculum, attached hereto as Exhibit 1. The online developer course requires Mr. Gonzalez to have access to a computer, an email account, a browser, and certain software to be installed on his computer. The requested modification to this Honorable Court's computer ban will allow Mr. Gonzalez to enroll in and complete the required course under the supervision of the Probation Office to ensure that his computer use is consistent with its intended purpose.[2]

### III.    Requested Modification of Restitution Payment Plan

The Probation Office has requested this Honorable Court to modify the restitution payment plan during Mr. Gonzalez's enrollment in school to allow him to make a nominal restitution payment of $10 per month (per case) while he is enrolled in school and to transition him to the standard payment plan of 10% monthly of gross earnings after he had completed his education and acquires gainful employment. The Probation Office additionally requested that any current arrears be waived given that Mr. Gonzalez has not been able to find gainful employment since beginning his term of supervised release.

### IV.    Conclusion.

For all the foregoing reasons, the defense respectfully requests this Honorable Court to modify its conditions of supervised release and add the following exception and conditions to its

---

[2] To counsel's knowledge, the probation office in the Southern District of Florida uses the company PayComputerMonitoring to monitor computer and smartphone use by probationers.

4

computer ban:

> The defendant is permitted to obtain and use one computer solely to enroll, attend, and complete the Online Python Developer Course at Broward College. The defendant shall complete the course on or before July 26, 2024 and shall not use the computer for any other purpose. The defendant shall allow the Probation Office to install software designed to monitor computer activities on the computer the defendant is authorized to use. The Probation Office shall allow the monitored computer to access only the following URLs: https://webucator.com/; https://ed2go.com/; https://github.com/; https://code.visualstudio.com/; https://broward.edu/; and https://mail.google.com/. The computer monitoring software installed by the Probation Office may include, but is not limited to, software that may record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, and email correspondence. The defendant shall pay any costs related to the monitoring of his computer usage.
>
> Employer Computer Restriction Disclosure - The defendant shall permit third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.
>
> Permissible Computer Examination - The defendant shall immediately produce, upon the request of the U.S. Probation Office, the defendant's computer for examination which may include retrieval and copying of all data from the computers) and any internal or external peripherals to ensure compliance with these conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer, at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.[3]

And to modify the current restitution payment plan consistent with the Probation Office's request: (1) to permit Mr. Gonzalez to pay $10 per month (per case) while he is in school; (2) to order Mr. Gonzalez to commence payment of restitution at a rate of 10% of his gross earnings per month after he has completed schooling and finds gainful employment; and (3) to waive current arrearages.

---

[3] These conditions have, in part, been drafted, and fully approved by the U.S. Probation Office for the Southern District of Florida.

**COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

The Government, by and through AUSA Seth Kosto, assents to this request. The Probation Office for the District of South Florida, by and through Tanya Okun, assents to this request.

        Respectfully Submitted,

        ALBERT GONZALEZ,
        By his attorney,

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg, Esq.
        Mass. Bar No. 519480
        20 Park Plaza, Suite 1000
        Boston, MA 02116
        (617)-227-3700
        owlmgw@att.net

        **/s/ Maksim Nemtsev**
        Maksim Nemtsev, Esq.
        Mass. Bar No. 690826
        20 Park Plaza, Suite 1000
        Boston, MA 02116
        (617) 227-3700
        max@mnpc.law

Dated: March 1, 2024

**CERTIFICATE OF SERVICE**

I, Martin G. Weinberg, certify that on March 1, 2024, this document was filed through the ECF system, which will provide electronic notice to counsel identified on the Notice of Electronic Filing.

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg